UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANASIRI RATNAWEERA,<br><br>        Petitioner,<br><br>        v.<br><br>ATTORNEY GENERAL, et al.,<br><br>        Respondents. | Case No. CV 08-3926 JST(JC)<br><br>~~(PROPOSED)~~<br><br>ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition"), respondents' Motion to Dismiss and documents submitted in support of and in opposition thereto, and all of the records herein, including the attached Report and Recommendation of United States Magistrate Judge and petitioner's objections and supplemental objections to the Report and Recommendation that petitioner filed on June 23, 2011, and August 1, 2011, respectively (the "Objections"). The Court has further made a *de novo* determination of those portions of the Report and Recommendation to which objection is made.[1]

---

[1] To the extent the Objections raise new evidence and arguments, this Court, in an exercise of its discretion, declines to consider them. See United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000), cert. denied, 534 U.S. 831 (2001).

Petitioner has objected to the Report and Recommendation arguing, *inter alia*, that any procedural shortcomings should be excused because petitioner assertedly is actually innocent of the crimes for which he was convicted. While actual innocence may be a gateway to review claims that otherwise are procedurally barred,[2] Schlup v. Delo, 513 U.S. 298, 324 (1995), the Report and Recommendation does <u>not</u> recommend that the Court decline to reach the merits of petitioner's claims based upon a procedural default. See Report and Recommendation at 11, n. 10. In any event, petitioner has not met his burden on any claim of actual innocence by showing "new reliable evidence. . . that was not presented at trial." Schlup v. Delo, 513 U.S. at 324; see also House v. Bell, 547 U.S. 518, 537 (2006) (quoting Schlup standard). Petitioner must show "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. at 327. Petitioner's attempts to recast the evidence presented at trial do not meet the Schlup standard. To the extent petitioner is asserting that the Court should consider the merits of petitioner's claims because petitioner assertedly is actually innocent, he must first attempt to exhaust his claims with the state courts. 28 U.S.C. § 2254(b)(1).

Petitioner also argues, incorrectly, that respondents' failure to file any response to the Objections amounts to acquiescence to the Objections. See August 1, 2011 Objections at 61. The filing of a response to objections is

---

[2] The United States Supreme Court has expressly left open the question of whether a freestanding claim of actual innocence is cognizable on federal habeas review. See District Attorney's Office v. Osborne ("Osborne"), 129 S. Ct. 2308, 2321 (2009) (whether federal constitutional right to be released upon proof of "actual innocence" exists "is an open question"); House v. Bell, 547 U.S. 518, 554-55 (2006) (declining to resolve whether freestanding actual innocence claim can be maintained); Herrera v. Collins, 506 U.S. 390, 417 (1993) (assuming without deciding "that in a capital case a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional, and warrant federal habeas relief if there were no state avenue open to process such a claim").

permissive, not mandatory. It would not be appropriate to infer from the lack of such a response that respondents concur with the Objections.

Based upon the Court's review, the Court concurs with and accepts the findings, conclusions and recommendations of the United States Magistrate Judge and overrules the Objections.

IT IS ORDERED that: (1) petitioner's restitution-related claims – Grounds 11, 13, 16 and 17 – are dismissed as they are not cognizable on federal habeas review; (2) the Motion to Dismiss is granted to the extent it seeks dismissal of petitioner's remaining claims – Grounds 3-10, 12, 14-15 and 18-20 – based upon the lack of exhaustion; and (3) Judgment be entered denying and dismissing the Petition without prejudice.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order, the accompanying Judgment and the United States Magistrate Judge's Report and Recommendation on petitioner and on counsel for respondents.

IT IS SO ORDERED.

DATED: 12·05·11

_____
HONORABLE JOSEPHINE STATON TUCKER
UNITED STATES DISTRICT JUDGE